## LEE HARDWARE CO. v. UNITED STATES.

(District Court, D. Kansas, First Division. April 26, 1926.)

No. 2882.

Internal revenue ⬉9—"Invested capital," as used in excess profits tax statutes, defined.

"Invested capital" as used in laws providing for tax on excess profits of corporations, is limited to actual contributions of cash or property at cash value in exchange for stock of the corporation, and actual accessions by way of surplus valued at time of acquisition and does not include enhanced market value of property after its acquisition.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Capital Invested.]

At Law. Action by the Lee Hardware Company against the United States. Judgment for plaintiff for amounts confessed, and for the United States for amounts disputed.

Bowersock & Fizzell, of Kansas City, Mo., for plaintiff.

Al. F. Williams, of Topeka, Kan., for defendant.

POLLOCK, District Judge. This action was brought by plaintiff against the government to recover income taxes paid for the years 1917 to 1920, both inclusive. A jury to try the issues joined has been waived, and the case now stands submitted to the court on the record and briefs and arguments of counsel for the respective parties. All things precedent required by the law necessary to have been done by plaintiff to entitle it to bring and maintain this action have been done, and it is conceded by the government the plaintiff as a matter of law is justly entitled to a judgment for a portion of the several amounts claimed in the four counts of its petition. The remainder of the amounts claimed by plaintiff in the several counts is strenuously contested, and remains for decision on the record and briefs and arguments of counsel.

The question decisive of the controversy here presented is this: Must the true amount of excess profits tax required by law to be paid by plaintiff for the several years be determined by deducting from plaintiff's earned surplus depreciation at the rate of 2 per cent. per annum on the actual cost of the buildings used in the conduct of the business, or may the plaintiff have its invested capital account augmented by the appreciation which time and circumstance has added to the value of its buildings and real estate, occupied and employed in the conduct of its business? These contentions of the parties present for determination this question: What is capital invested in a business, under the tax laws involved in this case?

As I understand the contentions of the parties, the government contends the term "invested capital" has a special and restricted meaning under the acts of Congress in question, and means that amount of money actually paid into the business through the purchase of stock in the company, or of the actual cash value of the property transferred to the company at the date the company acquired it, or money earned by the corporation in cash which might have been by the company disbursed to its shareholders, but was permitted to remain employed by the company in the conduct of its corporate affairs. While it is by the parties conceded in this case, the life of the buildings employed and used by the plaintiff is 50 years, and the depreciation of the same in consequence is 2 per cent. of their value, yet it is the contention of the plaintiff the replacement cash value of the buildings owned was during the years 1917 to 1920, inclusive, a much greater sum than the actual amount expended in constructing them when built, and the grounds on which the buildings stand have greatly appreciated in value through lapse of time and the improvement of surrounding properties. Hence these properties, should they, at any time during the years for which the taxes are demanded, have been converted into the cash, the amount received therefor would have been largely in excess of the cost price when acquired, even if the depreciation of 2 per cent. per year is conceded and allowed. As a result it is contended the actual cash invested in the business is the actual amount the properties would bring on the market, and the case of Standard Oil Company v. Southern Pac. Co. (decided by the Supreme Court April 20, 1925, 268 U. S. 146, 45 S. Ct. 465, 69 L. Ed. 890), is much relied upon by plaintiff. In this case

Mr. Justice Butler, delivering the opinion of the court, said:

"By numerous decisions of this court it is firmly established that the cost of reproduction as of the date of valuation constitutes evidence properly to be considered in the ascertainment of value. Southwestern Bell Telephone Co. v. Public Service Commission, 262 U. S. 276, 287, 43 S. Ct. 544, 67 L. Ed. 981, 31 A. L. R. 807, and cases cited; Bluefield Co. v. Public Service Commission, 262 U. S. 679, 689, 43 S. Ct. 675, 67 L. Ed. 1176; Georgia Ry. & Power Co. v. Railroad Commission, 262 U. S. 625, 629, 43 S. Ct. 680, 67 L. Ed. 1144; Brooks-Scanlon Corporation v. United States, supra, 265 U. S. 125 (44 S. Ct. 471 [68 L. Ed. 934]); Ohio Utilities Co. v. Public Utilities Commission (decided March 2, 1925) 267 U. S. 359, 45 S. Ct. 259, 69 L. Ed. [656]. The same rule is applied in England. In re Mersey Docks and Admiralty Commissioners [1920] 3 K. B. 223; Toronto City Corporation v. Toronto Railway Corporation [1925] A. C. 177, 191. It is to be borne in mind that value is the thing to be found, and that neither cost of reproduction new, nor that less depreciation, is the measure or sole guide. The ascertainment of value is not controlled by artificial rules. It is not a matter of formulas, but there must be a reasonable judgment having its basis in a proper consideration of all relevant facts. Minnesota Rate Cases, 230 U. S. 352, 434, 33 S. Ct. 729, 57 L. Ed. 1511, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18."

There can be no question but that the rule as here stated is the true one in the measurement of the present value of properties. In that case the question presented was the present value of a lost steamer. However, that case was not an income tax case, and throws no light upon the question here presented of what is "invested capital," as that term is employed in and defined by the taxing acts under consideration. The rule of decision here applicable is laid down by Mr. Justice Pitney in the kindred case of La Belle Iron Works v. United States, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998, in which it is said:

"It is clear that clauses (1) and (2) refer to actual contributions of cash or of tangible property at its cash value contributed in exchange for stock or shares specifically issued for it, and that neither these clauses, nor clause (3), which relates to surplus, can be construed as including within the definition of invested capital any marking up of the valuation of assets upon the books to

correspond with increase in market value, or any paper transaction by which new shares are issued in exchange for old ones in the same corporation, but which is not in substance and effect a new acquisition of capital property by the company. It is clear enough that Congress adopted the basis of 'invested capital,' measured according to actual contributions made for stock or shares and actual accessions in the way of surplus, valuing them according to actual and bona fide transactions and by valuations obtaining at the time of acquisition, not only in order to confine the capital, the income from which was to be in part exempted from the burden of this special tax, to something approximately representative of the risks accepted by the investors in embarking their means in the enterprise, but also in order to adopt tests that would enable returns to be more easily checked by examination of records, and make them less liable to inflation than if a more liberal meaning of 'capital and surplus' had been adopted, thus avoiding the necessity of employing a special corps of valuation experts to grapple with the many difficult problems that would have ensued, had general market values been adopted as the criteria. In view of the special language employed in section 207 [Comp. St. 1918, § 6336⅜h], obviously for the purpose of avoiding appreciated valuations of assets over and above cost, the argument that such value is as real as cost value, and that in the terminology of corporation and partnership accounting 'capital and surplus' means merely the excess of all assets at actual values over outstanding liabilities, and 'surplus' means the intrinsic vaue of all assets over and above outstanding liabilities plus par of the stock, is beside the mark. Nor has the distinction between capital and income, discussed in Doyle v. Mitchell Bros. Co., 247 U. S. 179, 187 [38 S. Ct. 467, 62 L. Ed. 1054], Hays v. Gauley Mountain Coal Co., 247 U. S. 189, 193 [38 S. Ct. 470, 62 L. Ed. 1061], and Southern Pacific Co. v. Lowe, 247 U. S. 330, 334, 335 [38 S. Ct. 540, 62 L. Ed. 1142] any proper bearing upon the questions here presented."

It follows, the rule of market value contended for by plaintiff has no place in the determination of the question here presented, and that the term "invested capital" must receive the same definition it did in the case of La Belle Iron Works v. United States, supra, and the contention of the government must be and is sustained.

There will be judgment for plaintiff for the amounts by the government confessed, and a judgment for the defendant as to the remaining amounts disputed by it.

It is so ordered.